IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| ANTONIO HERNANDEZ GUERRERO, | : : : | |
| Plaintiff, | : : | |
| v. | : : | Case No. 4:25-cv-17-CDL-AGH |
| UNKNOWN, | : : : | |
| Defendant. | : | |

## ORDER

Antonio Hernandez Guerrero, a federal immigration detainee at the Stewart Detention Center in Lumpkin, Georgia, filed a letter requesting that the Court assist him with gathering evidence for his asylum application (ECF No. 1). Although this letter is presently docketed as a civil rights complaint, Plaintiff has not properly initiated any type of federal civil action with this Court.

Plaintiff is advised that all requests for relief from the district court must be in the form of a pleading or a motion and must comply with the Federal Rules of Civil Procedure and the Local Rules of this Court. He is further advised that "[f]ederal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction[.]" *Id*. Here, the Court cannot surmise from Plaintiff's letter under what federal

authority he believes the Court can grant him the relief he seeks or otherwise intervene in the asylum application proceedings.

If Plaintiff wishes to proceed with a civil action in the district court, then he must file a complaint which this Court has the authority to consider. For an immigration detainee held in a federally contracted facility such as Stewart Detention Center, there are two types of federal civil actions that are often pursued. The first is a petition for habeas corpus relief pursuant to 28 U.S.C. § 2241. A petition under § 2241 is appropriate where the detainee challenges the fact or length of confinement, but, generally, not the conditions of that confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 499-500 (1973). The second type of federal civil action is a claim for relief pursuant to *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). To state a claim for relief under *Bivens*, a plaintiff must allege that a federal agent, by act or omission under color of federal authority, deprived him of a right, privilege, or immunity secured by the Constitution. *Bivens*, 403 U.S. at 389. Generally, a detainee seeking release from confinement does so by filing a habeas petition under 28 U.S.C. § 2241 while a detainee seeking monetary damages, injunctive and/or declaratory relief does so by filing an action under *Bivens*.[1]

---

[1] There are, of course, other causes of actions that Plaintiff may be asserting. However, the Court is not permitted to act as counsel for Plaintiff. The causes of actions discussed here are simply the most common. If Plaintiff wishes to assert a different type of claim, he should notify the Court and the Court will send him a form for his use.

2

If Plaintiff wishes to pursue a federal civil action,[2] he must recast his complaint on the proper form. If Plaintiff wishes to challenge his current federal detention, he should submit his pleading on the § 2241 form and thoroughly answer all questions presented on that form. If Plaintiff wants to complain of a civil rights violation by a federal actor, he should submit his claim on the *Bivens* form and thoroughly answer all questions presented on that form. Should Plaintiff want to pursue both a habeas corpus claim and a *Bivens* claim then he must file separate actions for the different types of claims and pay the filing fees for each. If Plaintiff decides to file both types of actions, he should include this civil action number on only one of the recast complaints and the other complaint will be assigned a new civil action number because it will proceed as a separate suit.

Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this Order to recast his complaint on the appropriate form. The recast complaint shall supersede (take the place of) his letter to the Court and the Court will not look at Plaintiff's previously filed letter to determine whether Plaintiff has stated an actionable claim.

In addition, Plaintiff did not pay a filing fee upon filing his letter in this Court. Thus, Plaintiff is **ORDERED** to pay the required filing fee for the type of claim he submits. Plaintiff shall have **FOURTEEN (14) DAYS** from the date shown on this Order to do so. The filing fee for a habeas corpus petition is $5.00; the filing fee for a *Bivens* case is $405.00. If Plaintiff is indigent and unable to prepay the full amount

---

[2] At this early stage in the litigation, Plaintiff is advised that he does have the additional option to request that this Court dismiss this civil action without prejudice. *See* Fed. R. Civ. P. 41(a)(1)(A).

3

of the filing fee, then he can request leave to proceed *in forma pauperis* ("IFP"). A detainee seeking leave to proceed IFP must "submit[] an affidavit that includes a statement of all assets such [detainee] possesses" verifying that he is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1).

While this action is pending, Plaintiff must also immediately inform the Court in writing of any change in his mailing address. There will be no service of process in this case until further order of the Court. **Failure to fully and timely comply with this Order may result in the dismissal of this civil action.**

The Clerk of Court is **DIRECTED** to forward Plaintiff a copy of the standard § 2241 and *Bivens* forms as well as a copy of the standard application to proceed without prepayment of fees and account certification form for Plaintiff's use in complying with this Order.

**SO ORDERED**, this 3rd day of March, 2025.

        s/ *Amelia G. Helmick*
       UNITED STATES MAGISTRATE JUDGE