IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| ANTONIO GUERRERO,<br><br>             Plaintiff,<br><br>    v.<br><br>UNKNOWN,<br><br>             Defendant. | :<br>:<br>:<br>:<br>:  Case No. 4:25-cv-00017-CDL-AGH<br>:<br>:<br>:<br>:<br>:<br>: |

**DISMISSAL ORDER**

*Pro se* Plaintiff Antonio Hernandez Guerrero, a federal immigration detainee at the Stewart Detention Center in Lumpkin, Georgia, filed a letter requesting that the Court assist him with his asylum application. ECF No. 1. It was unclear from Plaintiff's letter what type of federal civil action Plaintiff was attempting to pursue. On March 3, 2025, the Court informed Plaintiff that his letter failed to initiate any type of federal civil action and that "all requests for relief from the district court must be in the form of a pleading or a motion and must comply with the Federal Rules of Civil Procedure and the Local Rules of this Court." ECF No. 3. Accordingly, Plaintiff was ordered to file a complaint and was provided instructions on how to do so. *Id*. Plaintiff was further ordered to pay the appropriate filing fee for the type of federal civil action he intended to pursue or if indigent, file a motion for leave to proceed *in forma pauperis*. *Id*. Plaintiff was given fourteen (14) days to comply with the Court's order. *Id*. Plaintiff failed to respond.

Therefore, on April 10, 2024, the Court notified Plaintiff that it had not received a

1

response and ordered him to show cause why his action should not be dismissed for failure to comply with the Court's Order. ECF No. 5. The Court unambiguously informed Plaintiff that his action would be dismissed if he failed to respond. *Id.* Plaintiff was given fourteen (14) days to respond and he failed to do so.

Additionally, mail sent to Plaintiff at the Stewart Detention Center address has been returned to the Court with notations indicating that Plaintiff may no longer be incarcerated at that facility. ECF Nos. 4 and 6. Plaintiff has not otherwise notified the Court of his current address.

Due to Plaintiff's failure to follow the Court's Orders, failure to keep the Court informed of his address, and failure to prosecute this action, the case is hereby **DISMISSED WITHOUT PREJUDICE**. Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (citing Fed. R. Civ. P. 41(b) and *Lopez v. Aransas Cty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)) ("The court may dismiss an action sua sponte under Rule 41(b) for failure to prosecute or failure to obey a court order.").

**SO ORDERED**, this 25th day of April, 2025.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA